UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEE HALL,

    Plaintiff,

v.

CIRCLE K STORES, INC., et al.,

    Defendants.

Case No. 24-cv-13361

Honorable Robert J. White

**OPINION AND ORDER DENYING CIRCLE K STORES, INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT**

Lee Hall commenced this diversity personal injury action against Circle K Stores, Inc. and Mac's Convenience Stores, LLC after he slipped and fell on ice that accumulated outside the front entrance of a party store. The amended complaint alleges state law claims for negligence, premises liability, and "active" negligence.

Before the Court is Circle K's motion to dismiss the amended complaint's allegations against the company.[1] (ECF No. 4). Hall responded in opposition. (ECF

---

[1] Circle K moved to dismiss the initial complaint. Hall subsequently amended it to add Mac's Convenience Stores as a defendant, but left the substantive allegations unchanged. Since Circle K never withdrew the current motion to file a renewed motion to dismiss the amended complaint, the Court will construe the motion as seeking to dismiss the amended complaint, *i.e.*, the operative pleading. *See B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 267-68 n.8 (6th Cir. 2008) (stating

No. 9). Circle K did not file a reply. The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(f)(2). For the following reasons, the motion is denied.

When reviewing a motion to dismiss a pleading for failing to state a claim, the Court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (cleaned up); *see also* Fed. R. Civ. P. 12(b)(6). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quotation omitted).

The Court may consider the pleadings, any exhibits attached to them, public records, filings in the litigation, and any exhibits appended to the motion to dismiss, so long as the pleadings refer to the exhibits and they are central to the asserted claims. *See Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

---

that an amended complaint renders the original a "nullity" that "no longer performs any function in the case"); *see also* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. Apr. 2025 Update) ("defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.").

2

Circle K maintains that it does not own or operate the premises where Hall was injured. (ECF No. 4, PageID.24).  Circle K's motion exclusively hinges upon the affidavit of John Redden, Mac's Convenience Stores' Human Resources Director. (ECF No. 7, PageID.45, ¶¶ 3, 5).  Redden says that:

> 5. As a HR Director for Mac's Convenience Stores, LLC I have personal knowledge of the corporate structure of the Defendant named in Plaintiff's Complaint, and Mac's Convenience Stores, LLC (not currently named a Defendant).[2]
>
> . . .
>
> 10. Mac's Convenience Stores, LLC owned and operated the premises at issue in this case, both currently and at the time of the incident.
>
> 11. Circle K Stores, Inc. did not own, operate, or manage the premises at issue in this case.

(*Id.*, PageID.45-46, ¶¶ 5, 10-11).  But since Redden's affidavit is extraneous to the pleadings and does not otherwise qualify as material that may be reviewed on a Rule 12(b)(6) motion, the Court declines to consider it. *See Caraway v. Corecivic of Tenn., LLC*, 98 F.4th 679, 688 (6th Cir. 2024) (stating that district courts have "complete discretion" to ignore "matters outside the pleadings" and "treat the motion as one to dismiss"); *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436

---

[2] Circle K submitted Redden's affidavit before Hall amended the complaint to add Mac's Convenience Stores as a defendant. (ECF Nos. 7-8).

3

(6th Cir. 1988); 5C Wright & Miller, Federal Practice and Procedure § 1366 (3d ed. 2024).

Granted, the Court could review Redden's affidavit after converting the current motion to a Rule 56 summary judgment motion. *See* Fed. R. Civ. P. 12(d). But that approach would be pointless for two reasons.

*First*, Redden's affidavit is not sworn before a notary and does not comport with 28 U.S.C. § 1746 because it is not "subscribed by him, as true under penalty of perjury." So Redden's statements are not evidence and may not be reviewed on summary judgment even if the Court treated the current motion as seeking that form of relief. *See Worthy v. Mich. Bell Tel. Co.*, 472 F. App'x 342, 344 (6th Cir. 2012) ("Statements that are not sworn in one of these two ways are not competent summary judgment evidence."); *see also Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 n.1 (6th Cir. 2010) ("[A] court may not consider unsworn statements when ruling on a motion for summary judgment."); *Bonds v. Cox*, 20 F.3d 697, 702 (6th 1994) (holding that "[u]nsworn declarations are permitted to be used as evidence only if 'subscribed . . . as true under penalty of perjury'" under 28 U.S.C. § 1746); Fed. R. Civ. P. 56(c)(1)(A).

*Second*, deciding the motion on summary judgment grounds would be premature and, therefore, inappropriate since the parties have yet to exchange discovery. Fed. R. Civ. P. 56(d); *see also Marvaso v. Sanchez*, 971 F.3d 599, 610

4

(6th Cir. 2020) (affirming the district court's denial of a motion to dismiss on qualified immunity grounds because the motion "did not challenge the sufficiency of Plaintiffs' allegations, and if construed as a motion for summary judgment, it was premature."). Hall is entitled to information about the relationship between Circle K and Mac's Convenience Stores. And discovery may uncover whether the two entities have "a contractual, operational, or managerial role that gives rise to liability in this case." (ECF No. 9, PageID.65).

Even now there is some evidence supporting this theory. Annual reports filed with Michigan's Department of Licensing and Regulatory Affairs indicate that Kathleen Cunnington doubles as Mac's Convenience Stores' managing member and Circle K's president, treasurer, and secretary. *See* Dep't. Licensing and Regulatory Affairs, Online Services, Corporations, Securities & Commercial Licensing Bureau, Business Entity Search, "Mac's Convenience Stores LLC," 2024 Annual Statement, https://cofs.lara.state.mi.us/CorpWeb/CorpSearch/CorpSearchFormList.aspx?SEARCH_TYPE=3 (last visited May 8, 2025); *id.*, "Circle K Stores Inc.," 2024 Annual Statement, https://cofs.lara.state.mi.us/CorpWeb/CorpSearch/CorpSearchFormList.aspx?SEARCH_TYPE=3 (last visited May 8, 2025). And Redden – Mac's Convenience Stores' Human Resources Director – purports to have "personal knowledge" of *Circle K*'s "corporate structure" for some reason. (ECF No. 7,

5

PageID.45).  Federal discovery procedures are intended to resolve factual questions just like these.  Accordingly,

      IT IS ORDERED that Circle K's motion to dismiss the amended complaint's allegations against the company (ECF No. 4) is denied.

Dated: May 9, 2025                                            s/ Robert J. White
                                                                                  Robert J. White
                                                                                  United States District Judge