UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LEE HALL,<br><br>  Plaintiff,<br><br>v.<br><br>CIRCLE K STORES INC., et al.,<br><br>  Defendant(s). | Case No. 24-cv-13361<br><br>Honorable Robert J. White |

## JOINT DISCOVERY PLAN

A Rule 16 Scheduling Conference is scheduled for **June 11, 2025** at **11:00 a.m.**.

1. **Counsel**: Appearing for the parties as counsel will be

   Lauren A. Gwinn – Plaintiff's attorney
   Joseph P. Sullivan and Zachary G. Stillman – Attorneys for Defendant Mac's Convenience Stores, LLC and Circle K Stores, Inc.

2. **Jurisdiction**: The basis for the Court's jurisdiction is

   Plaintiff, Lee Hall, is a Michigan citizen who is domiciled in Washtenaw County, Michigan. Defendants Circle K Stores, Inc. and Mac's Convenience Stores, LLC, are allegedly incorporated under the laws of Texas with their principal place of business in Arizona. Furthermore, Plaintiff's damages are in excess of $75,000. Thus, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

3. **Statement of the case**: This case involves

   On or around December 18, 2023, Defendants Circle K and Mac's are

alleged to have invited Plaintiff onto their premises for the purpose of purchasing goods. On said date, and prior to Plaintiff, Lee Hall's fall, it is alleged that ice accumulated on Defendants' property, upon which Plaintiff, Lee Hall, after exiting his vehicle and while walking on a sidewalk near the front entrance, fell due to icy, snowy, slippery, and dangerous conditions for persons such as Plaintiff Lee Hall to walk upon. As a result of his fall, Plaintiff is alleged to have suffered significant injuries and incurred damages.

4. **Pendent state claims**: This case **does** include pendent state claims.

   Plaintiff's claims include state claims against both defendants, including, Premises Liability, General Negligence, and Active Negligence.

5. **Case management requirements**: The parties acknowledge that they have reviewed and will adhere to the Court's Case Management Requirements.

6. **Joinder of parties and amendment of pleadings**: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **June 30, 2025**.

7. **Disclosures and exchanges**: The parties have agreed to make available the following documents without the need of a formal request for production:

   Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures: June 13, 2025.

8. **Discovery**: The parties believe all discovery proceedings can be completed by **February 27, 2026**. The parties recommend the following discovery plan, and acknowledge that if the Court believes that discovery motions have been filed unnecessarily, in bad faith, or for vexatious or tactical reasons, the Court may appoint a Discovery Master to shift the costs of disposing of these motions from the Court to the parties:

| EVENT / FILING | DATE / TIMEFRAME |
|---|---|
| Amendment of pleadings | **June 30, 2025** |
| Lay and expert witness lists filed | **December 5, 2025** |
| Interim status conference | **September 1, 2025** |

| Discovery completed by | **January 30, 2026** |
|---|---|
| Expert discovery completed by | **February 27, 2026** |
| Dispositive motions filed by | **March 31, 2026** |

9. **Disclosure / discovery of electronically stored information (ESI)**: The parties have discussed ESI production and suggest that it be handled as follows:

   The parties will produce data in electronic format. If the data is ordinarily maintained in paper format, the parties agree to produce the data in electronic format in consecutively paginated bates numbers. The parties agree to produce ESI in electronic format such as PDF.

10. **Assertion of privilege or work-product immunity after production:**

    The parties agree to apply the "claw-back" rule set forth in Fed. R. Civ. P. 26(b)(5)(B).

11. **Motions:** The parties acknowledge that:

    a. Local Rule 7.1 requires a moving party to ascertain whether any motion will be opposed. All motions must affirmatively state the efforts of the moving party to comply with the obligation created by Local Rule 7.1.

    b. The parties must append the [Brief Format Certification Form](#) to the back of every brief filed with this Court. The brief will be stricken if the form is not attached. The Court's requirements for briefs are as follows (many of these requirements are listed on the Brief Format Certification Form as well).

    c. All nondispositive motions must be accompanied by a certificate setting forth in detail the efforts of the moving party to comply with the obligation created by Local Rule 7.1.

    d. All discovery motions must be accompanied by a certificate and any relevant documentation or correspondence detailing the movant's attempts to seek resolution of the discovery dispute before filing the motion. The parties also acknowledge that Fed. R. Civ. P. 78(b) allows the Court to submit and determine motions on the briefs, without a hearing.

The following dispositive motions are contemplated by each party:

Plaintiff: Motion for Summary Judgment
Defendant: Motion for Summary Judgment

12. **Alternative Dispute Resolution**: The parties acknowledge that if they attend a private mediation, they will provide the Court with the mediator's contact information along with the date of the mediation in advance. The parties also acknowledge that the Court reserves the right under Local Rule 16 to order alternative dispute resolution. Accordingly, the parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

The parties do not consent to case evaluation. However, after the parties conduct discovery, the parties consent to participating in alternative dispute resolution.

13. **Jury or bench trial**: This case is to be tried **before a jury**.

14. **Trial length**: Counsel estimate the trial will last approximately **4-5** days total, from 8:30 a.m. to 2:00 p.m. each day, allocated as follows:

    **2-3** days for Plaintiff's / Plaintiffs' case(s)
    **2-3** days for Defendant's / Defendants' case(s)

15. **Prospects of settlement**: The status of settlement discussions is

The parties have not yet engaged in settlement discussions. Counsel for the parties agree that they will communicate regarding the possibility of settlement and/or alternative dispute resolution as appropriate.

16. **Electronic document filing system**: Counsel acknowledges that Local Rule 5.1 requires that attorneys file and serve all documents electronically via the Court's CM/ECF system, unless excused from electronic filing on motion for good cause shown. All counsel must abide this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) acknowledge that they must submit their documents to the Clerk of the Court on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party acknowledges that they must file documents electronically but serve pro se parties with paper documents in the traditional manner.

17. **Other**:

5

None.

**STIPULATED TO:**

/s/ *Lauren A. Gwinn*
Attorney for Plaintiff Lee Hall
Dated: May 28, 2025

/s/ *Zachary G. Stillman*
Attorney for Defendants
Dated: June 2, 2025

5